**In re Roy C. KILIAN, Tammi L. Kilian, Debtors.**

**FCC NATIONAL BANK, Plaintiff,**

v.

**Roy C. KILIAN, Tammi L. Kilian, Defendants.**

**Bankruptcy No. 2–91–04382.
Adv. No. 2–91–0347.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 23, 1992.

R. Scott Warner, Warner & Hultin, Columbus, Ohio, for plaintiff.

Darrolyn C. Krippel, Gahanna, Ohio, for defendants.

ORDER ON MOTION TO DISMISS

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court upon the Motion for Default Judgment filed by Plaintiff FCC National Bank and the Memorandum Contra Plaintiff's Motion for Entry of Default filed by Defendants Roy C. Kilian and Tammi L. Kilian. The basis for the Defendants' opposition is the issuance of the Defendants' discharge order in the underlying bankruptcy proceeding.

The Court is vested with jurisdiction pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(2)(I).

## I. *Finding of Facts*

Defendants filed a Chapter 7 bankruptcy petition on June 7, 1991. On September 13, 1991, Plaintiff instituted an adversary proceeding challenging the dischargeability of the debt owed to it by Defendant under 11 U.S.C. § 523(a). The Defendants failed to file a timely answer to the Plaintiff's Complaint. The Plaintiff then filed a Motion for Default Judgment on November 27, 1991. On December 4, 1991, the Defendants filed a Memorandum Contra Plaintiff's Motion for Entry of Default. The Discharge of Debtor was issued by the Clerk's office to the Defendants on October 17, 1991.

## II. *Conclusions of Law*

█ The Defendants oppose the Plaintiff's Motion on the grounds that:

The Court has granted a Discharge to the Defendants, dated October 17, 1991 ... Defendants state that this debt has been discharged pursuant to said Order....

The Bankruptcy Code affords creditors with an option to challenge the granting of a discharge to a debtor: (1) with regard to all of the debts of the debtor under 11 U.S.C. § 727; or (2) with regard to the specific debt owed to the particular creditor under 11 U.S.C. § 523.

Although the order granting the Defendants' discharge is not particularly clear, the portion of the order stating that "no complaint objecting to the discharge of the debtor(s) was filed within the time fixed by the court" refers to the filing of a complaint under § 727, challenging the dischargeability of all of the debts of the debtor. The interpretation of this portion of the discharge order is generally considered "common knowledge" among the practitioners in this Court.

█ In the absence of a complaint challenging dischargeability under § 727, a discharge is granted the debtor. Simply because one or two creditors believe that they have non-dischargeable debts under § 523 is no reason for the debtor's discharge to be withheld as to all of the other debts owed by the debtor which are clearly dischargeable. The debtor's discharge should not be delayed while the dischargeability of one or two debts is being determined. Therefore, the discharge order specifically excludes from discharge those debts which are determined by the Court to be nondischargeable under § 523. The discharge is effective as to all debts not the subject of a timely-filed adversary proceeding.

In this case, no complaint challenging the granting of the Defendant's discharge under § 727 was filed. A complaint was filed by the Plaintiff under § 523 challenging the dischargeability of the particular debt owed by the Defendant to the Plaintiff.

Therefore, for the reasons stated above, a discharge was granted to the Defendant. However, if the debt owed to the Plaintiff is subsequently determined by the Court to be nondischargeable under § 523, the discharge order, by its terms, is of no effect as to that particular debt.

The Defendants have failed to file a timely answer in this case due to their incorrect reading of the Discharge Order. The Defendants' failure to defend this action in accordance with the Civil Rules of Procedure without any other explanation warrants the entry of judgment by default against Defendants. Therefore, it is hereby

ORDERED that the Motion for Default filed by Plaintiff FCC National Bank is granted and judgment is hereby rendered in favor of Plaintiff FCC National Bank and against Defendants Roy C. Kilian and Tammi L. Kilian in accordance with the relief requested in the Motion for Default Judgment.

IT IS SO ORDERED.